### LEHIGH VALLEY R. CO. v. EMENS.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

No. 200.

RAILROADS ☞350(30)—ACCIDENTS AT CROSSING—CONTRIBUTORY NEGLIGENCE —PASSENGER IN AUTOMOBILE.

A woman riding in the back seat of an automobile, with her husband and an experienced chauffeur on the front seat, who stopped 146 feet from a railroad crossing to look, but failed to discover the approach of a train which sounded no signals, is not contributorily negligent as matter of law because she did not insist that her husband and the chauffeur do more than they did to discover the train, when the chauffeur had been held not contributorily negligent as matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1180; Dec. Dig. ☞350(30).]

In Error to the District Court of the United States for the Northern District of New York.

Action by Edgar A. Emens, as executor of the last will and testament of Jessie S. Emens, against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cobb, Cobb, McAllister & Feinberg, of Ithaca (Riley H. Heath, of Ithaca, of counsel), for plaintiff in error.

Hiscock, Doheny, Williams & Cowie, of Syracuse, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This is an action brought by the plaintiff below as the executor of the last will and testament of Jessie S. Emens, deceased, to recover damages for causing her death. The action is

based upon the New York statute which authorizes a personal representative to maintain an action under the circumstances and for the purposes therein specified. The deceased was one of an automobile party of four. Her husband and the chauffeur sat in the front seat, and the deceased and her sister-in-law sat in the rear seat. The automobile was driven in front of one of defendant's passenger trains on August 28, 1910, at Swarthout crossing, east of Valois, N. Y.

The question upon which this case must be decided is whether the deceased was guilty of contributory negligence as matter of law. The court submitted the question as one of fact to the jury. The counsel insists that the undisputed testimony shows that there was a clear view within the distance of 146 feet from the crossing and that the plaintiff's testatrix did absolutely nothing to stop the chauffeur from driving in front of the train. The testimony shows she said nothing until the automobile was on the track and the train was seen 200 feet away. She then just spoke his name. What she did before that, if anything, does not appear. The chauffeur testified that he had not noticed "what the ladies were doing in the back seat as we approached this crossing. I only know that they were there." The back curtain of the automobile was down. What the testatrix did in the way of looking or listening, if anything, is not disclosed.

The circumstances connected with this collision are somewhat fully set forth in our opinion in Lehigh Valley Railroad Co. v. Kilmer, 231 Fed. 628, —— C. C. A. ——, recently decided in this court, and need not now be restated here. In that action the chauffeur of this automobile party sued to recover for the injuries inflicted upon him in this collision. We held in that case that the question whether the plaintiff was guilty of contributory negligence under the circumstances disclosed by the record was a question for the jury. We think that our decision in that case rules this, and that it was for the jury to say whether the plaintiff's testatrix was guilty of contributory negligence.

This court cannot say that a woman riding in the back seat of an automobile, with her husband and an experienced chauffeur sitting on the front seat, and who stopped and looked and listened at a point 146 feet from the crossing, and who failed to discover an approaching train, which sounded no whistle and rang no bell, was guilty of contributory negligence as a matter of law because she did not insist on the husband or chauffeur doing more than they actually did, when what the chauffeur did has been held not to be, as matter of law, contributory negligence.

Various assignments of error have been brought to our attention respecting the admission of evidence and the charge of the trial judge. We do not find it necessary to consider them in detail. If any errors were committed, they were not sufficiently serious to justify the court in sending the case back for another trial.

Judgment affirmed.