Matthias, J.
 

 The conflict of opinion by reason of which the record in this case was certified to this court was upon the question of error of the trial court in refusing a request of plaintiff to reopen his case for the purpose of introducing further evidence. However, the primary question presented, and we regard it controlling and decisive of the case, is whether the trial court was warranted in directing a verdict for the defendant at the close of plaintiff’s evidence upon the ground of contributory negligence as a matter of law, or that the evidence adduced by plaintiff gave rise to a presumption of contributory negligence which was not counterbalanced by any further evidence in his behalf.
 

 It is claimed that plaintiff violated the provision of Section 6310-36, G-eneral Code, and the action of the trial court was apparently in conformity with that view. That provision of the statute is as follows: “Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching.” Plaintiff was proceeding north on foot on the west side of 116th street in the city of Cleveland at about 6:20 a. m., on February 3, 1930. It was a foggy morning. East Boulevard crosses and turns westerly from 116th street. Plain
 
 *229
 
 tiff started to cross the westerly branch of East Boulevard at the crosswalk on the west side of East 116th street, and, when two or three paces from the south curb of East Boulevard, was struck, knocked down and run over by the automobile owned and operated by the defendant. The defendant, who had been driving north on East Boulevard, parallel with a street car, made a sharp left turn immediately upon the street car clearing, and proceeded westerly on his left of the center of East Boulevard, and continued on the left of the center of the street, driving from fifteen to twenty-five miles an hour, until striking and injuring the plaintiff. The plaintiff testified: “So when I stepped off the curb I took two or three steps which made me anywhere from six to nine feet from this curb, because I take — I judge that distance, because I believe the average step is about three feet, so that made me right about in here. Well, when I got right here, I looked by this way to see if there was any traffic coming down from the left and there was no one coming this way. Then just as I turned my head toward the right, why, Mr. Heintz’s car hit me, that is, the front of his car hit me. I did not have any chance to get out of the road then because just as I turned my head, why, the impact came and I was knocked down and run over.” On cross-examination he said: “I stepped off the curb. I took two or three steps. I looked to the left to see if there was anything coming this way.
 
 * * *
 
 And just as I turned —there was no traffic coming, and just as I turned my head to the right to look for traffic coming the other way, why, the car was on top of me.” The only witness other than plaintiff and defendant who testified relative to the actual collision stated that he was near plaintiff when he was struck and saw defendant as he approached, and that “he was running about twenty-five miles an hour when passing around the curve,” and that he continued on the left of the center
 
 *230
 
 of East Boulevard. The witness did not see the actual collision, but his attention was called to it by the noise of the impact.
 

 It is stated in the brief of counsel for defendant in error: “It is admitted that plaintiff had just stepped off the southwest corner of the intersection when he was struck.” It is to be observed that there is no affirmative evidence that the plaintiff had looked in both directions before stepping off the sidewalk upon the street and no affirmative evidence that he did not. He testified that he did look to the left after stepping off the curb, and found the street clear, and while still but two or three paces from the curb, he turned his head toward the right and was then struck by defendant’s automobile being driven upon the left side of the street.
 

 It is elementary that negligence is never presumed; it must be proven. There is no presumption of negligence as against either party to an accident, except such as arises from the facts proven. The presumption of law is that neither party was guilty of negligence, and this presumption stands until rebutted by evidence to the contrary. 17 Ohio Jurisprudence, 116. The absence of affirmative evidence that plaintiff looked both ways before stepping into the street is not the equivalent of evidence that he did not look before stepping into the street, and an inference that he did not look does not arise from an absence of evidence upon the subject. The mere absence of affirmative proof does not warrant the inference of its nonexistence. Kaz
 
 dan
 
 v.
 
 Stein,
 
 118 Ohio St., 217, 160 N. E., 704.
 

 Upon a motion to direct a verdict, the evidence must be given the most favorable interpretation in behalf of the plaintiff, and the question of contributory negligence should be submitted to the jury if a reasonable inference of due care may be drawn from the evidence adduced. He of course is not required
 
 *231
 
 to anticipate negligence upon the part of the defendant, such as driving upon his left side of the street. The evidence tends to indicate that plaintiff’s looking was done when it would have been the most effective, had the defendant kept to the right of the highway. Even if it could be inferred from plaintiff’s evidence that he did not look to the right upon leaving the sidewalk, there is still the question of proximate cause, which in this case seems peculiarly a question of fact for the jury.
 

 Judgment reversed.
 

 Day, Allen, Stephenson and Jones, JJ., concur.
 

 Weygandt, C. J., and Kinkade, J., not participating.