YORK, ADMX., APPELLEE, *v.* PENNSYLVANIA RD. CO., APPELLANT.

(No. 1441—Decided November 19, 1943.)

*Mr. Walter Wright* and *Mr. Oliver K. Bender,* for appellee.

*Messrs. Bentley, Neville & Cory,* for appellant.

Jackson, J. The issues in this case are raised by a petition and an answer. The petition contains two causes of action. The first cause of action charges negligence as to the installation of a guard rail maintained along the side of the regular rail, with hard surface material filling the space between the two rails; that, due to weather and time, wear, and moving trains passing over such rails, the hard material had broken out and worn away in places, and at a point thirteen feet east from the west end of the guard rail a depression or hole obtained between the guard rail and the regular rail; and that the decedent of the plaintiff, while walking across this installation at Lane street in Bucyrus, Ohio, caught his foot or shoe in the depression and was unable to extricate himself before a train operated by the defendant struck Guy Edward York, causing his death.

The second cause of action was abandoned by the plaintiff before the close of the trial.

The record discloses that the defendant offered no testimony after the plaintiff had rested her case.

The facts of the case, material to a consideration of this appeal, as disclosed by the bill of exceptions, are as follows:

Guy Edward York, the decedent of the plaintiff, slightly over twenty-one years of age, and married, left a place of business located about a square and a half north of the intersection of Lane street and the Pennsylvania Railroad tracks in Bucyrus, Ohio, some time between eleven and eleven-thirty p. m., on September 26, 1942. His residence was located south and east of the intersection, in Bucyrus. Between the time of eleven o'clock and twelve o'clock p. m., on such date, one and possibly two trains passed over the intersection, going in a westerly direction. At eight o'clock on the morning of September 27, 1942, the body of

Guy Edward York was discovered about twenty-three feet west of the west edge of the Lane street grade crossing. The body was lying between the two main tracks, doubled up, fully clothed with the exception that the right shoe was off of his foot. The right shoe, with the laces broken, was lying between the south outer guard rail and the south main rail of the west-bound main track, about thirteen feet east of the west edge of the Lane street crossing. The companion shoe was still remaining on the left foot of the decedent of the plaintiff. The decedent of the plaintiff had his watch in his clothes at the time the body was found, and the watch indicated that it had stopped at eleven thirty-five. The death was caused by a severe blow on the back of the head, causing a fracture of the skull. The distance between the top or ball of the guard rail and the top or ball of the main rail where the shoe was found, is two and eleven-sixteenths inches, and the space between such guard rail and the main rail opens downward for a distance of five and one-half inches from the tops or balls of these rails. Below the balls of the rails the space between the guard rail widens to an opening five and three-eighteenths inches at its widest point. The shoe found between the guard rail and the main rail was of the low Oxford type, four inches across the widest place of the sole, and with a rubber heel thereon. When the shoe was removed from its position between the two rails it was taken out sideways and no difficulty was had in getting it out.

Defendant contends that under the evidence the case should not have been submitted to the jury and a directed verdict should have been had because there was no proof of any actionable negligence on the part of the defendant, and that the entire proof was based or predicated upon one presumption or inference upon another.

It is our opinion that the plaintiff made a case for submission to the jury.

"The competency and admissibility of circumstantial evidence tending to prove a fact or facts in issue are expressly recognized, provided the effect of the evidence is to make the facts alleged appear more probable than any other facts, and the fact in issue to be a natural inference from the circumstances offered in proof. In fact, it has been said that circumstantial evidence in all classes of cases is as competent as positive evidence, and the jury has the right to rely upon it as direct evidence." 17 Ohio Jurisprudence, 182, Evidence, Section 139.

Plaintiff's requests to charge before argument, numbers 1, 2 and 3, were objected to by the defendant for the reasons that some of the facts stated therein were not supported by any evidence, and a fact was assumed which was not in issue.

Plaintiff offered no direct evidence that the space between the two rails where the shoe was found had been properly filled with some hard surface material which, due to weather, time, wear, and the moving of trains over the rails, had broken out and worn away in places. However, the record discloses that when the jury went to view the premises, at the request of the defendant and by agreement of counsel, the jury were instructed that: "The sheriff may point out to you the construction of this crossing; how it is constructed. And you are also to look as to the location of this guard rail and at the point thirteen feet in from the west side, Mr. Snyder will step that off, about four and one-third steps, and you are particularly directed to look there. You will use your sense of sight."

These instructions, given to the jury prior to their viewing the premises, where the decedent is alleged to have met his death, were given by agreement of all coun-

sel, and under such instructions the jurors were entitled to consider as evidence in the case, anything they might observe with reference to the construction of the crossing, the location of the guard rail, and the point thirteen feet east from the west side of the crossing. This evidence would include the filling, if any, between the rails, and the breaking and wearing away in places, of the material used to make such filling, and as nothing to the contrary appears in the record, it is a proper presumption that the conditions observed by the jury, under the instructions, and considered as evidence by them, warranted the submission of the instructions complained of, and the finding that the condition of the crossing was of the character charged in the petition.

"The scope of an instruction in a particular case is to be determined not alone by the pleadings therein, but also by the evidence in support of the issues between the parties; * * * if there is no evidence to support an issue raised by the pleadings, the trial court is not required and should not instruct the jury on such issues notwithstanding the state of the pleadings, for if no evidence has been offered in support of a question of fact, there is nothing to submit to the jury on that point. In such case the trial court not only is not required to charge the jury upon such issue, but should direct the jury not to consider it." 39 Ohio Jurisprudence, 955, 956, Trial, Section 268.

The court should direct the jury not to consider an issue joined by the pleadings, upon which no evidence is offered. 31 Ohio Jurisprudence, 963, Pleading, Section 352; *Lewistown Foundry & Machine Co.* v. *Hartford Stone Co.,* 92 Ohio St., 76, 110 N. E., 515; *P. C. & St. L. Ry. Co.* v. *Fleming,* 30 Ohio St., 480.

Defendant complains, as error, that there was a complete failure of proof bringing knowledge to the defendant of the fact of the condition between the

regular rail and the guard rail, or that such condition had been in existence for a sufficient length of time that knowledge thereof should have been imputed to the railroad company.

Apparently the plaintiff grounds the case upon a violation of Section 8843, General Code.

In Section 8844, General Code, it is provided that the council of a municipality may exercise the powers concerning crossways and approaches and sidewalks, as defined in Section 8843, General Code.

The record does not disclose that the municipality of Bucyrus in any wise proceeded under this section. Therefore, the state law controls, and we must look to all the provisions of the state law with reference to grade crossings over the right of way of a railroad company.

The authority conferred on the council by Section 8844 of the General Code is to specifically fix and determine the kind and extent of the crossings and approaches thereto, within the general provisions of Section 8843, General Code, and in the absence of action by the council, the first portion of the provisions of Section 8843, as well as the provisions of Section 8914 of the General Code are applicable to the duty of the railroad company as to crossings.

Section 8914 of the General Code, provides in substance, that a railroad company shall maintain at every point where a public road, street, lane or highway used by the public crosses its railroad, safe and sufficient crossings and such company shall be liable for all damages sustained in person or property by reason of the want or insufficiency of such crossing, or neglect or carelessness in the construction thereof, or in keeping them in repair.

Actual or constructive notice of a defect in a crossing, under these corelated sections, is not necessary

because a violation thereof constitutes negligence as a matter of law.

The determination of the effect of the violation of a statute expressly providing for civil liability presents no problem of notice. 30 Ohio Jurisprudence, 212, Notice, Section 11; 29 Ohio Jurisprudence, 427, Negligence, Section 38.

Section 8914 of the General Code was former Section 3324 of the Revised Statutes.

"The obligation of Section 3324, Revised Statutes, * * * is peremptory and is not limited in its application to damages or injuries arising from loss of cattle resulting thereby, but applies to the protection of the public at large and to the benefits to which the public are entitled." *Ludtke* v. *L. S. & M. S. Ry. Co.,* 14 C. D., 120.

"In all jurisdictions, statutes, and ordinances specifically declaring that the person injured by their violation shall have his action for damages, such liability is enforced by the courts without further evidence of the wrongfulness of the act, and it matters little or not at all whether in such case such violations are termed negligence *per se* or not." 29 Ohio Jurisprudence, 426, Negligence, Section 37; 2 Restatement of Law of Torts, 752, Section 286.

Defendant also claims that it is entitled to a directed verdict by reason of the contributory negligence of the decedent of the plaintiff.

"In actions for injury caused by negligence, where there is nothing in the plaintiff's evidence tending to show contributory negligence, the presumption will be that there is no contributory negligence, and this presumption remains until the contrary is shown. In accordance with these principles, in an action for negligent death, the decedent is presumed to have used reasonable care for his own safety, in the absence of

evidence to the contrary." 29 Ohio Jurisprudence, 627, Negligence, Section 150.

Contributory negligence was not pleaded by the defendant in its answer, and there is no testimony to show such negligence as a matter of law. *Grunkemeyer, Admr., v. P., C., C. & St. L. Ry. Co.,* 3 Ohio App., 62; *Baltimore & Potomac R. R. Co.* v. *Landrigan,* 191 U. S., 461, 48 L. Ed., 262, 24 S. Ct., 137; *Rothe* v. *Pennsylvania Co.,* 195 F., 21.

Therefore, the cause is affirmed, without penalty, at costs of the defendant.

Reasonable ground existed for the appeal.

*Judgment affirmed.*

GUERNSEY, P. J., and MIDDLETON, J., concur.