Hart, J.
 

 Plaintiff: contends that the trial court erred in giving to the jury before argument special requested charge number four.
 

 The court in its general charge to the jury submitted for its consideration three specifications of alleged negligent acts on the part of the defendant Harvey Transfer Company, each of which involved claimed violations of specific statutory safety requirements. The court read to the jury Section 6307-64, General Code, as follows:
 

 “ ‘(a) Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or leave such vehicle off such part of said highway.
 

 “ ‘(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.’ ”
 

 The court then said to the jury:
 

 “If you find by a preponderance of the evidence that defendent Harvey Transfer Company violated the provisions of the above quoted section of law in respect to stopping, parking or leaving its equipment on the highway, then such violation of the law would be negligence in itself * *
 

 The court also read to the jury from Section 6307-100, General Code, as follows:
 

 “ ‘ (a) Whenever any motor truck, commercial tractor, trailer or semi-trailer is disabled upon the traveled
 
 *663
 
 portion of any highway or the shoulder thereof at any time when lighted lamps are required on vehicles, the operator of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway:
 

 “ ‘1. A lighted fusee shall be immediately placed on the roadway at the traffic side of such vehicle. ’ ’ ’
 

 The court then said to the jury:
 

 ‘ ‘ If you find by a preponderance of the evidence that defendant Harvey Transfer Company violated the provisions of the above section of law in respect to immediately placing a lighted fusee on the roadway at the traffic side of such vehicle, then such violation of said law would be negligence in itself * *
 

 The court again read to the jury from Section 6307-100, General Code, as follows:
 

 “ ‘2. Within the burning period of the fusee and as promptly as possible three lighted flares (pot torches) shall be placed on the roadway as follows:
 

 “ ‘One at a distance of forty paces or approximately one hundred feet in advance of the vehicle, one at a distance of forty paces or approximately one hundred feet to the rear of the vehicle, each in the center of the lane of traffic occupied by the disabled vehicle, and one at the traffic side of the vehicle.’ ”
 

 The court then said to the jury:
 

 “If you find by a preponderance of the evidence that defendant, Harvey Transfer Company, violated the provisions of the above quoted law in respect to placing as promptly as possible three lighted flares on the roadway, then such violation of said law would be negligence in itself * *
 

 The court in its general charge submitted for the consideration of the jury a single specification of alleged negligent acts on the part of the defendant Holmes which involved the claimed violation of specific statutory requirements relating to the leaving of
 
 *664
 
 bright lights burning on the front of his parked truck.
 

 Before argument, the court had given special charge number four which was as follows:
 

 “I charge you that where one without fault of his own is placed in a situation of sudden emergency he is not to be held to the exercise of the same care and circumspection that is required of one who is acting under normal conditions where no emergency is present. The test to be applied is, whether or not the person in such a situation of sudden emergency did or attempted to do
 
 what a reasonably prudent person would have done under the same or similar circumstances.
 

 “If, therefore, you find from the evidence in this case that the driver of the Harvey Transfer Company truck, Hobart Hopper, without fault of his own, was placed in a situation of sudden emergency and that while in such a situation
 
 he did or attempted to do what any reasonably prudent person ivould have done under the same or similar circumstances, then he ivas not negligent.”
 
 (Italics ours.)
 

 The court, by this special charge, attempted to state what the law required the driver of the Harvey truck to do when his truck became disabled on the public highway. Two members of the Court of Appeals were of the opinion that the special charge was erroneous and prejudicial to the plaintiff. This court concurs in this view.
 

 Since the failure to comply with the provisions of a safety statute constitutes negligence
 
 per se,
 
 a party guilty of the violation of such statute cannot excuse himself from compliance by showing that
 
 “he did or attempted to do what any reasonably prudent person ivould have done under the same or similar circumstances.”
 
 A legal excuse, precluding liability for injuries resulting from the failure to comply with the statutory requirements respecting the operation of a
 
 *665
 
 motor vehicle on the public highways, must be something that would make it
 
 impossible
 
 to comply with the statute, something over which the driver has no control, an emergency not of the driver’s making-causing failure to obey the statute, or an excuse or exception specifically provided in the statute itself. The instruction of the court in the instant case substituted the rule of ordinary care for the specific requirements of the statute. It made the duty of the defendant Harvey Transfer Company the same as it would have been had the statute not been enacted.
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427. See
 
 Mats, Admr.,
 
 v.
 
 J. L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 275, 7 N. E. (2d), 220;
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 522, 196 N. E., 274;
 
 Simko
 
 v.
 
 Miller,
 
 133 Ohio St., 345, 13 N. E. (2d), 914;
 
 Kohn,. Admx.,
 
 v.
 
 B. F. Goodrich Co.,
 
 139 Ohio St., 141, 146, 38 N. E. (2d), 592;
 
 Satterthwaite
 
 v.
 
 Morgan, Jr.,
 
 141 Ohio .St., 447, 48 N. E. (2d), 653;
 
 Kadlec
 
 v.
 
 Al Johnson Construction Co.,
 
 217 Iowa, 299, 252 N. W., 103;
 
 Schwind, Jr., Admr.,
 
 v.
 
 Gibson,
 
 220 Iowa, 377, 260 N. W., 853;
 
 Young
 
 v.
 
 Hendricks,
 
 226 Iowa, 211, 283 N. W., 895;
 
 Andrew
 
 v.
 
 White Bus Line Corp.,
 
 115 Conn., 464, 161 A., 792;
 
 Giancarlo
 
 v.
 
 Karabanowski,
 
 124 Conn., 223, 198 A., 752.
 

 In the case of
 
 Simko
 
 v.
 
 Miller, supra,
 
 this court held:
 

 “Where contributory negligence is an issue, a charge, that if the parties ‘failed to observe the'duties imposed upon them in the exercise of ordinary care,’ such failure would be negligence, is prejudicial to a defendant, if the court fails to differentiate between a violation of the duties imposed by common law and those imposed by statutes, the violation of which is negligence
 
 per se.”
 

 Notwithstanding- that' two judges of the Court of Appeals in the instant case found error in the special charge to the jury, the court held that the issue of
 
 *666
 
 contributory negligence on tbe part of plaintiff’s decedent was properly submitted and that “since nó interrogatory was submitted to test the general verdict, the two-issue rule must apply” and “the judgment is affirmed.”
 

 Plaintiff challenges the judgment of the Court of Appeals in this respect, claiming first that the two-issue rule has no application and second, that there was no evidence to support the-Claim of contributory negligence on the part of plaintiff’s decedent'.
 

 The two-issue rule had its origin in this state in the decision of the case of
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, where it was applied to sustain a verdict for the defendants since there were two separate and distinct defenses made, either one of which in itself, if established, was sufficient to defeat the cause of action of the plaintiff.
 

 This court in that case took the position that the general verdict in favor of the defendants carried the implication that the jury found the issues as to both defenses in favor of the defendants, and that an error in the charge of the court touching the validity of the issue made by one of such defenses did not invalidate the general verdict.
 

 That the rule is applicable where two separate and independent issues are present and involved in the determination of the litigation before the court is indicated by the language of the opinion in the case of
 
 H. E. Culbertson Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 175 N. E., 205; as follows:
 

 “This rule as generally applied is that, where there are two causes of action or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all
 
 *667
 
 issues were so determined; and that, where a single determinative issue has been tried free from error, error .in presenting another issue will be disregarded.”
 

 Plaintiff claims that before two issues can meet the standard set by the above definition, they must fall within one of the following two classes: (1) They must be independent and separate issues, neither of them being an element of or dependent on the other, as in the case of
 
 Sites
 
 v.
 
 Haverstick, supra;
 
 or (2) if the two issues constitute both a primary and secondary issue, the latter dependent upon the former, the rule may be applied if the primary issue is submitted free from error and the secondary issue is erroneously submitted, but that the rule cannot be applied conversely.
 

 The defense of contributory negligence does not become applicable in the absence of proof of negligence on the part of the defendant. Contributory negligence on the part of a plaintiff presupposes or implies negligence on the part of the defendant. The former cannot exist without the latter.
 
 Cincinnati Traction Co.
 
 v.
 
 Forrest,
 
 73 Ohio St., 1, 75 N. E., 818;
 
 Cincinnati Traction Co.
 
 v.
 
 Stephens, Admr.,
 
 75 Ohio St., 171, 79 N. E., 235;
 
 Hoyer, Achnx.,
 
 v.
 
 Lake Shore Electric Ry. Co.,
 
 104 Ohio St., 467, 135 N. E., 627;
 
 Payne, Dir.,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85.
 

 The jury must first consider whether the defendant was negligent. If it finds the defendant was not negligent there is no further issue to be considered. In the submission of the instant case to the jury, the court properly charged that, “if you find neither one of the defendants separately or both of them together were so negligent, then you need proceed no further but your verdict must be for the defendants.”
 

 Before contributory negligence of the plaintiff may be considered, the jury must find the defendant was negligent,^ and if there is such error in the charge as prevents the jury from finding the defendant negli
 
 *668
 
 gent, a secondary issue of contributory negligence does not arise. If, for instance, a charge was such as to amount to a directed verdict for the defendant and the jury renders a verdict for the defendant, there is no opportunity to consider a further'issue of contributory negligence.
 

 It has been held that where the issue of negligence is correctly submitted but an error occurs in the submission of the issue of contributory negligence, a verdict for defendant may stand because it may rest on a finding of no negligence. 29 Ohio Jurisprudence, 763,. Section 220;
 
 Knisley
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 180 N. E., 654;
 
 Kihlken, Admr.,
 
 v.
 
 Barber,
 
 129 Ohio St., 485, 196 N. E., 164. But where the issue of negligence is erroneously submitted, as in the case at bar, a verdict for defendant cannot logically stand on the theory that it rests on contributory negligence, for a finding on the issue of negligence, tainted by the influence of erroneous charge, is an element in the finding on the issue of contributory negligence. In other words, if the error in the charge on the issue of negligence may bring about a negative answer to the question of defendant’s negligence to the prejudice of the plaintiff, no consideration of the issue of contributory negligence could circumvent the error. The principle is enunciated in the case of
 
 Coivley et al., d. b. a. Shaker Heights Motor Sales Co.,
 
 v.
 
 Bolander,
 
 120 Ohio St., 553, 557, 166 N. E., 677.
 

 Since the decision of the case of
 
 Sites
 
 v.
 
 Haverstick, supra,
 
 in 1873, this court has cited or approved it approximately two dozen times but in no instance has the rule adopted in that case been applied in negligence cases where prejudicial and reversible error occurred in the submission of the issue of negligence and not in the issue of contributory negligence. It is true, that in the case of
 
 Knisley
 
 v.
 
 Community Traction Co., supra,
 
 this court, in sustaining a verdict-for the defend
 
 *669
 
 ant, held that defendants’ negligence and plaintiff’s contributory negligence constituted separate and distinct issues to which the two-issue rule 'may be applied; hut it is to be noted that in that case the error related exclusively to the issue of contributory negligence and not to the issue of negligence.
 

 Even if the two-issue rule could be applied in the instant case on the theory that the issue of contributory negligence had been submitted without error, this court is of the opinion that there was no substantial probative evidence offered by the defendants to support the charge of contributory negligence on the part of the plaintiff.
 

 In the first place, the plaintiff was clothed with certain presmptions in his favor. Negligence is never presumed.
 
 Columbus & Hacking Coal & Iron Co.
 
 v.
 
 Tucker,
 
 48 Ohio St., 41, 26 N. E., 630, 12 L. R. A., 577, 29 Am. St. Rep., 528;
 
 Chicago Ornamental Iron Co.
 
 v.
 
 Rook, Admr.,
 
 93 Ohio St., 152, 112 N. E., 589;
 
 Scovanner
 
 v.
 
 Toelke,
 
 119 Ohio St., 256,163 N. E., 493. On the contrary, the presumption exists that each party in an action based on negligence was in the exercise of ordinary care.
 
 Cleveland, Columbus & Cincinnati Rd. Co.
 
 v.
 
 Crawford, Admr.,
 
 24 Ohio St., 631, 15 Am. Rep., 633;
 
 Pittsburgh, Cincinnati & St. Louis Ry. Co.
 
 v.
 
 Fleming, 30
 
 Ohio St., 480;
 
 Huff v. Austin,
 
 46 Ohio St., 386, 21 N. E., 864, 15 Am. St. Rep., 613;
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 54 N. E., 89;
 
 Norris, Exrx.,
 
 v.
 
 Jones, Recr.,
 
 110 Ohio St., 598,144 N. E., 274;
 
 Maddex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 151 N. E., 56;
 
 Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St, 307, 160 N. E., 898, 58 A. L. R., 1476;
 
 Martin, Jr.,
 
 v.
 
 Heintz,
 
 126 Ohio St., 227,184 N. E., 852. Negligence and contributory negligence are governed by the same rule; Neither is presumed. There is a presumption that a decedent, prior to his death caused by a collision of a vehicle of another in which he was
 
 *670
 
 riding as a guest, was acting as a person of ordinary care and prudence would have acted under the same or similar circumstances. 29 Ohio Jurisprudence, 627, Section 150;
 
 Pittsburgh, Cincinnati & St. Louis Ry. Co.
 
 v.
 
 Fleming, supra; Interurban Ry. & Terminal Co.
 
 v.
 
 Hines, Admr.,
 
 13 C. C. (N. S.), 168, 22 C. D., 355 (affirmed 84 Ohio St., 493, 95 N. E., 1150);
 
 Snyder, Admx., v. American Cigar Co.,
 
 22 C. C. (N. S.), 45, 33 C. D., 440 (affirmed 81 Ohio St., 568, 91 N. E., 1139) ;
 
 York, Admx.,
 
 v.
 
 Pennsylvania Rd. Co.,
 
 73 Ohio App., 323, 56 N. E. (2d), 241 (appeal dismissed, 142 Ohio St., 636, 53 N. E. [2d], 646). To warrant the submission of the issue of contributory negligence to the jury it is essential that some evidence be adduced tending to show that the plaintiff failed in some respect to exercise the care of an ordinarily prudent person under the same or similar circumstances, and that such failure was a proximate cause of his injury and resulting death.
 

 1 Although it is true that a guest in an automobile driven by another is not chargeable with the driver’s negligence, he is, nevertheless, under the duty to exercise ordinary care to avoid injury. What conduct is required to comply with this duty must depend upon all the circumstances, a most important one being that he is merely a guest having no control over the management and operation of the vehicle in which he is riding.
 
 Toledo Railways & Light Co.
 
 v.
 
 Mayers,
 
 93 Ohio St., 304, 112 N. E., 1014. See annotation 18 A. L. R., 309; 41 A. L. R., 767; 47 A. L. R., 293; 63 A. L. R., 1432, and 90 A. L. R., 984.
 

 As a general rule, one who is merely a guest in an automobile may rely to some extent, though not absolutey, upon the driver to exercise reasonable care to avoid danger, and, in the absence of unusual circumstances, a guest is not guilty of contributory negligence if he relies upon the skill and ability of the driver and
 
 *671
 
 does not take active steps to see that the vehicle is properly operated.' Ordinarily, it is not the province or even proper for a gnest to warn or interfere with the driver until he discovers that the driver is unskillful, reckless, or has failed to perceive impending danger.
 
 Lehigh Valley Rd. Co.
 
 v.
 
 Emens,
 
 231 F., 636;
 
 Clarke
 
 v.
 
 Connecticut Co.,
 
 83 Conn., 219, 76 A., 523.
 

 What was the evidence relied upon by the defendants to remove the presumption above mentioned and to carry the burden of proof on the issue of contributory negligence? There was evidence that Crigler and Bush had each had two glasses of beer before they entered upon the trip southward on the Middletown-Hamilton highway, but there was no evidence of drunkenness on the part of either one of them, or any reckless driving by Crigler. The evidence was that Crigler was driving on a smooth, slightly downgrade highway paved to the width of 22 feet. Crigler testified that he was driving at the rate of 30 to 35 miles per hour whereas Dennis, the driver of the Holmes car, said Crigler’s car was moving at the rate of 40 miles per hour. This was not an unlawful speed nor was it an unreasonable speed under the circumstances then apparent to the driver or his guest. The uncontradicted testimony of Crigler was that while the lights of the Holmes truck blinded him, he slowed up and veered to the right side of the highway away from the bright lights on the east side of it. There was no evidence that Bush, who was seated on the right side in the front seat of the Crigler car on the opposite side from the Holmes truck, saw any signals given by Dennis or that he heard Dennis call out as the Crigler car passed the Holmes truck. Bush said nothing to Crigler and there was no evidence of circumstances which would impose any duty to do so. Crigler, as driver of the car, violated the assured-clear-distance-ahead rule, but this negligent act could not be imputed to Bush. The
 
 *672
 
 latter was subject to tbe common-law rules of negligence and his duty to caution Crigler concerning tbe operation ,of tbe car did not arise, if at all, until, in tbe exercise of due care for bis own safety, danger became apparent.
 
 The Hocking Valley Ry. Co.
 
 v.
 
 Wykle, Jr.,
 
 122 Ohio St., 391,171 N. E., 860. No danger seemed to be apparent until an instant before tbe crash came. Tbe testimony is that tbe elapsed time between tbe passing of tbe Holmes truck and tbe crash was but three or four seconds, and is to tbe effect that the collision did not force either Crigler or Bush from their seats.
 

 Tbe state of tbe evidence, as we see it, left the jury at best nothing more than a guess as to whether Bush failed to exercise due care under the circumstances. If tbe evidence places an issue in equipoise or renders one of two theories of conduct of tbe plaintiff — neglect or due care — as probable as tbe other, there can be no finding of negligence.
 
 Stevens
 
 v.
 
 Industrial Commission,
 
 145 Obio St., 198, 61 N. E. (2d), 211.
 

 Considering that Bush was a guest and not tbe operator of tbe car in which be was riding, we see no substantial probative evidence of negligence on bis part which proximately contributed to bis injury and death. In our opinion, there was no evidence to support tbe issue of contributory negligence, and that that issue should not have been submitted to tbe jury.
 

 Tbe erroneous charge of tbe court, special charge number four, was prejudicial to tbe plaintiff, but it related only to the claim of tbe plaintiff against tbe defendant tbe Harvey Transfer Company. It bad nothing to do with tbe finding and separate verdict of tbe jury in favor of tbe defendant Holmes. Therefore, tbe judgment in favor of tbe defendant Holmes is affirmed, but tbe judgment in favor of tbe defendant, tbe Harvey Transfer Company, is reversed and tbe cause
 
 *673
 
 is remanded to the Common Pleas Court for a new trial in accordance with this opinion.
 

 Judgment affirmed in part and reversed in part and cause remanded.
 

 Zimmerman, Turner and Matthias, JJ., concur.