Middleton, J.,
dissenting. I believe that the record is clearly susceptible of the construction and that the jury could properly have found that the plaintiff was *94 walking across the street on the line of the sidewalk with the green light; that while so crossing he was within the vision of the defendant as defendant approached the crossing; that the plaintiff had reached the center of the street when defendant received the green light; and that plaintiff, when seen by defendant, was running only to avoid defendant’s automobile, which was bearing down upon him. Application of the assured-clear-distance rule should not be ignored merely because defendant might also be charged with failure to yield the right of way. The defendant could be guilty of violating two or more duties concurrently as charged in the petition. In such event the plaintiff was entitled to have the jury instructed with respect to the assured-clear-distance rule' as well as the duty to yield the right of way. Because of such failure, after proper.request, to fully instruct the jury with respect to the charges of negligence of the defendant, as to which there was substantial evidence, the jury could not make a valid finding of contributory negligence. Bush, Admr., v. Harvey Transfer Co., 146 Ohio St., 657, 67 N. E. (2d), 851. The judgment of the Court of Appeals should be affirmed.