Zimmerman, J.
It appears from the’ record that Broadway road, running in a generally northerly and southerly direction, is intersected by 11 railroad tracks, a number of them close together, running in a ■general easterly and westerly direction, which are used and controlled by the defendant. The total distance across these tracks is some 186 feet. Four of these tracks, adjacent to each other and beginning with the fourth track from the north, are used by the defendant’s through passenger and freight trains, whereas the remaining seven tracks are used for the purposes of switching.and storing cars.
On the morning in question, plaintiff’s decedent, driving a motor truck loaded with coal, was proceeding in a southerly direction over Broadway road. When he reached one of defendant’s main tracks, *77 designated as track number 3, his vehicle was struck by the locomotive of a westbound passenger train of defendant, running on such track, resulting in the destruction of the truck and the death of its driver.
There was no watchman at the crossing and there were no automatic warning signals of any kind. Evidence was introduced by plaintiff indicating that a brush pile, approximately 150 feet north of the tracks and east of the crossing, and a signal tower and a tool shed, used by defendant in the operation of its railroad and between 1,100 and 1,200 feet east of the crossing, tended to obstruct the view of the main, tracks to the east.
Plaintiff produced one witness who saw the collision —a track walker, who, at the time, was in defendant’s employ and who, according to his testimony, was walking along main track number 3, facing east, and was about 100 yards west of the crossing.
He testified that before and at the time of the collision a switch engine was standing on a track to the north of main track number 3 and about 150 feet east of the crossing, that it was emitting steam which was blown south over main track number'3, and that such steam totally obscured the view along main track number 3 to the east. He testified further that he heard no signals from the westbound passenger train which struck plaintiff’s decedent, that he, the witness, was not aware of its approach until' it was almost upon him, and that in his estimation it was traveling at a speed of from 60 to 70 miles per hour.
The rule is well settled that upon a defendant’s motion for a directed verdict, the trial court must construe the evidence most strongly in plaintiff’s favor and submit the case to the jury if such evidence, with all inferences reasonably deducible therefrom, would permit reasonable minds to reach different conclusions *78 with respect to those questions of fact essential to be proved by plaintiff. Martin, Jr., v. Heintz, 126 Ohio St., 227, 184 N. E., 852; Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246; Hubach, a Minor, v. Cole, 133 Ohio St., 137, 140, 12 N. E. (2d), 283, 285; Wilson, a Minor, v. Peoples Ry. Co., 135 Ohio St., 547, 21 N. E. (2d), 860.
Another equally well established rule is that negligence is never presumed. In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care, and such presumption prevails until rebutted by evidence to the contrary. Norris, Exrx., v. Jones, Recr., 110 Ohio St., 598, 144 N. E., 274; Martin, Jr., v. Heintz, supra; and Bush, Admr., v. Harvey Transfer Co., 146 Ohio St., 657, 67 N. E. (2d), 851.
In the case at bar, there is no showing that the decedent did not stop and look for approaching trains when he reached the crossing and that by looking then' or during his progress over the crossing he could have seen the oncoming train. There is nothing to indicate the speed at which decedent was traveling and the presumption obtains that he was proceeding in a lawful manner and with due care. There is no evidence that decedent, in his endeavor to get over the main tracks at the crossing, did not conduct himself as an ordinarily prudent person would have done in the same or like surroundings. In short, the evidence presented does not establish, as a matter of law, that the decedent failed to exercise ordinary care in his attempt to traverse the crossing. On the other hand, the evidence indicates a confusing and hazardous condition at the time in issue with the disclosure of negligence on the part of defendant in several particulars.
This court is of the opinion, upon the evi *79 deuce submitted by plaintiff, that the issues of negligence, contributory negligence and proximate cause became questions of fact for the jury’s determination, and that the trial court erred to the prejudice of plaintiff in directing a verdict against her. Cleveland, Columbus & Cincinnati Rd. Co. v. Crawford, Admr., 24 Ohio St., 631, 15 Am. Rep., 633; Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Kuhl, Admx., 123 Ohio St., 552, 176 N. E., 222; Smith, Exr., v. Toledo & Ohio Central Rd. Co., 133 Ohio St., 587, 15 N. E. (2d), 134.
In the instant case the evidence gives rise to the inference that the emission of steam from the switch engine, cutting off the view to the east along the main tracks, was continuing and not of momentary existence and in this respect the situation differs from that in Baltimore & Ohio Rd. Co. v. McClellan, Admx., 69 Ohio St., 142, 68 N. E., 816, wherein was involved an ordinary crossing in a village, intersected by but two railroad tracks and wherein a patently careless pedestrian was killed by being run over by the caboose of a slowly moving local freight train.
Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for a new trial.

Judgment reversed.

Weygandt, C. J., Stewart, Middleton, Taet, Matthias, and Hart, JJ., concur.