MARTINEZ, APPELLANT, *v.* CORCINO, APPELLEE.

[Cite as Martinez v. Corcino, 4 Ohio App. 2d 408.]

(No. 1670—Decided December 22, 1965.)

*Messrs. Levin & Levin,* for appellant.
*Mr. Robert Fletcher,* for appellee.

DOYLE, P. J.   This action was commenced in the Court of Common Pleas of Lorain County.   It is a suit for damages for personal injuries brought against the driver of an automobile by a passenger in the vehicle.

The petition alleges that the plaintiff was a paying passenger, and when the defendant drove his car in a parking lot on

his way to a highway, he struck ''* * * an object which was firmly attached to the ground and the top of which was several inches above the surrounding ground surface of said parking lot * * * suddenly and without warning * * * causing the plaintiff, who was seated on the right front seat of said automobile, to be thrown forward, causing plaintiff's right hand and chest to strike the dashboard of said automobile and causing plaintiff's forehead to strike and break the windshield of said automobile, causing plaintiff severe, painful and permanent injuries as hereinafter set forth. * * *''

Negligence proximately causing the damages alleged is pleaded as follows:

''1. Causing said automobile to strike said object.

''2. Failing to maintain a proper lookout.

''3. Failing to have his said automobile under control.

''4. Failing to divert the course of said automobile to avoid striking said object when he could have done so with safety.

''5. Operating said automobile at such a speed that he could not stop same within the assured clear distance ahead.''

A general denial was filed by the defendant excepting only an admission that ''while he was operating his automobile in a parking lot * * * he struck a pipe which protruded a few inches from the surface of the ground.''

Pursuant to trial upon the issues, the jury returned a general verdict for the defendant, upon which judgment was entered. There were no interrogatories submitted, nor were there any requested.

From that judgment the plaintiff has appealed and files the following assignment of errors:

''1. The court erred in charging the jury concerning fact situation not in evidence or at issue.

''2. The court erred in charging the jury that defendant must prevail if he was not negligent in any one of the issues alleged by plaintiff.

''3. The judgment is contrary to the manifest weight of the evidence.''

It is obvious from the pleadings, and the evidence as contained in the bill of exceptions, that one of the main issues in the trial was whether or not the injured passenger was or was not a guest, being transported with payment therefor, within the

meaning of Section 4515.02, Revised Code, which is in the following language:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

See, also, *Hasbrook* v. *Wingate,* 152 Ohio St. 50.

The question of whether or not the plaintiff was a paying passenger was in dispute in the evidence, and, as a consequence, the issue was submitted to the jury under an instruction free from prejudicial error.

The issues of contributory negligence, damages and proximate cause were likewise submitted to the jury without prejudicial error.

Upon examination of the charge of the court on the issue of negligence, error appears. It is observed, however, that unless the jury should find that the plaintiff was a paying passenger within the purview of the statute, it could hardly have gotten to the question of negligence, because willful or wanton misconduct was neither pleaded nor proven. Section 4515.02, Revised Code, *supra.*

The charge on negligence contained the following erroneous statement: "If you find that the plaintiff was a guest or that the defendant was not negligent in any one or more of such issues submitted to you or that the defendant's negligence, if any, did not proximately cause the plaintiff's injuries and damages, then your verdict must be for the defendant." This charge required the plaintiff to prove all of the specifications of negligence in the petition, which, of course, is not the law in an action of this character.

Finding error in the court's charge on one of the issues in the action, the case at bar, then, is reduced to the question of whether the so-called two-issue rule applies. In 4 Ohio Jurisprudence 2d 26, Section 831, and Section 1014, page 312 (Appellate Review) are cited many Ohio cases establishing the rule in this state that where a jury returns a general verdict in a

case involving two or more issues, a finding on any one of which in favor of the successful party would entitle him to judgment if the record does not disclose affirmatively by answers to interrogatories, or otherwise, upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them, although there may be error as to other issues.

In the instant case, the principal issues appear to have been (1) whether or not the plaintiff was a passenger being transported with payment therefor within the meaning of Section 4515.02, Revised Code; (2) negligence of the defendant; (3) contributory negligence of the plaintiff; (4) proximate cause; and (5) damages.

As stated before, the court's charge on the issue of negligence was erroneous. No error of a prejudicial character, however, appears elsewhere in the court's instructions. Under these circumstances, the rule to be applied, and the rule which this court will apply to the instant case, is as follows: In a suit for damages for personal injuries, when two or more issues arising on a single cause of action are submitted to a jury, to wit; first, whether the plaintiff was a paying passenger and not a nonpaying guest within the meaning of Section 4515.02, Revised Code (thus allowing recovery on the ground of negligence as distinguished from willful or wanton misconduct); and, second, negligence of the defendant; and in order to recover, plaintiff must prevail upon both, and upon trial a general verdict is returned for the defendant, and such verdict might have been so returned on either or both of such issues, and there is nothing in the record to disclose upon which issue the jury based its verdict, a judgment on the same should not be reversed, even though error may have intervened in the instructions of the court to the jury relating exclusively to the issue of negligence of the defendant.

In principle, the case of *Ochsner, Admr.,* v. *Cincinnati Traction Co.,* 107 Ohio St. 33, sustains these conclusions.

In the case of *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St. 657, paragraph four of the syllabus states:

"In an action based on negligence, the issue of contributory negligence does not arise unless the issue of negligence on the part of the defendant is first found adverse to the defendant;

and error in the charge of the court on the issue of negligence prejudicial to the plaintiff will invalidate a verdict for the defendant even though there was no error in the charge on the issue of contributory negligence."

Applying the same reasoning in reverse to the instant case that was used by the Supreme Court in the case of *Bush, Admr.*, v. *Harvey Transfer Co., supra,* we observe that the issue of negligence on the part of the defendant does not arise unless the issue of paid or free transportation, within the meaning of Section 4515.02, Revised Code, is first found adverse to the defendant, to wit, adequate payment for transportation made by the plaintiff to the defendant. The jury must first consider whether the plaintiff was a paying passenger being transported for hire. If it finds that he is not, there is no further issue to be considered, because the case is bottomed upon negligence alone as distinguished from willful or wanton misconduct, and the plaintiff cannot recover on negligence of the driver if he was being transported without payment therefor.

There is no error in the record, or the judgment of the Court of Common Pleas, which justifies a reversal of this action. The judgment must, therefore, be affirmed.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.