Hunter et al., Appellees, v. Dunn et al., Appellants.

[Cite as Hunter v. Dunn, 16 Ohio App. 2d 109.]

(No. 230—Decided August 26, 1968.)

Messrs. *Hapner & Hapner*, for appellees.
Messrs. *Buckley & Miller,* for appellants.

Shannon, J. This matter comes before us as an appeal on questions of law from the Court of Common Pleas of Clinton County. The plaintiffs, appellees herein, have filed a cross-assignment of error.

Essentially, the facts are these. On February 20, 1963, defendants, appellants herein, as owners of a farm, entered into a contract with plaintiffs, as real estate brokers, under the terms of which plaintiffs were given the exclusive right to sell the farm up to and including September 1, 1963. Further, this agreement provided that if the plaintiffs sold the property, or, if it was sold or exchanged during the term of the contract, a five per cent commission would be paid.

On August 29, 1963, a written offer to buy was submitted to defendants through plaintiffs, which was refus-

ed. This offer was in an amount less than the selling price set forth in the agency contract and included assumption of an existing mortgage by the offeror. Late in the evening of August 31, 1963, a new offer was submitted. This raised the price to that set forth in the agreement and retained the assumption-of-mortgage clause.

Earlier in the month of August 1963, defendants had been approached by one Coffman, who made an offer to purchase the premises. One of defendants consulted one of plaintiffs to ascertain the expiration date of their contract. It is conceded that the agreement with Coffman was to sell to him if plaintiffs did not present an offer from a purchaser at the price set forth in the selling agency contract.

Defendants made no decision upon the offer presented by plaintiffs on August 31, 1963, until September 2, 1963, when they demanded an earnest money deposit. The offeror refused to make such, and on September 3 they completed the sale by delivering their deed to Coffman.

Plaintiffs thereafter demanded a commission and, when such was refused, filed suit. Their petition sets forth two causes of action: first, that they had obtained a ready, willing and able purchaser; and, second, that the defendants had agreed to sell to Coffman during the term of plaintiffs' exclusive agency.

Upon trial, a jury returned a general verdict for plaintiffs, and it is from the judgment thereon that this appeal is taken.

The cross-assignment of error is that the trial court erred in not allowing interest upon such judgment from November 15, 1963, which was the closing date fixed in the contract.

With respect to the first cause of action, defendants contend the trial court erred in, one, failing to direct a verdict in their favor and, two, in refusing to charge specially upon the significance of the offers submitted by plaintiffs.

Essentially, these assignments of error involve the same point, to wit, is an offer to sell for a sum specified met

with an offer to buy at that price by paying partly in cash and assuming an existing mortgage for the balance? Or, stated conversely, is such an offer to buy a counter-proposal?

Defendants contend that as to the second cause of action the court erred in not directing a verdict on the ground that there was no evidence that a sale took place prior to the expiration of the listing contract and, further, in submitting the issues to the jury under inadequate instructions relative thereto.

It is important to note that the jury returned a general verdict here. Consequently, the "two-issue" rule is applicable.

The two-issue rule is that error in the charge of the court dealing exclusively with one of two or more complete and independent issues required to be presented to a jury in a civil action will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories, or otherwise, that the verdict is in fact based on the issue to which the erroneous instruction related. *Martinez* v. *Corcino*, 4 Ohio App. 2d 408 (paragraph two of the syllabus), citing and following *Bush, Admr.*, v. *Harvey Transfer Co.*, 146 Ohio St. 657; 53 Ohio Jurisprudence 2d 56, Trial, Section 184.

It is undisputed that the eventual buyer, Coffman, contacted the defendants independently of plaintiffs during the term of the listing contract. There was testimony admitted from which reasonable minds could conclude that the defendants and Coffman had reached a meeting of the minds as to the terms upon which the farm would change hands before the expiration of plaintiffs' agency, although the deed was not delivered until afterwards.

The cogency of the facts and inferences therefrom is demonstrated by the bluntness of the trial judge's remarks to counsel in the course of argument, in the absence of the jury, of defendants' motion for a directed verdict at the conclusion of plaintiffs' case in chief, to wit: "There is no question in the court's mind but what the defendants did

not want to go through with the first deal because they had another deal coming on in which they were given more. They didn't want to sell and made it impossible for the deal to go through."

In its general charge, the court framed the issues by summarizing the pleadings and, referring to the second cause of action, stated in part that "plaintiffs say that upon information and belief during their exclusive agency contract defendants entered into negotiations and agreed to sell said farm prior to September 2, 1963 to Dwight Coffman * * *."

The jury was specially charged that:

"Special Instruction No. 2. You are instructed as a matter of law, where the owners of a piece of real estate enter into a contract of employment with a firm of real estate brokers whereby the owners give to the brokers an exclusive right to sell the said piece of real estate during a stated period of time, and the piece of real estate is sold during that period of time by the owners the real estate brokers are entitled to a commission upon the sale irrespective of whether the real estate brokers were involved in making the sale."

In determining the propriety of the charge on the issue under consideration, we must view the charge in its entirety. *Centrello* v. *Basky*, 164 Ohio St. 41.

We find after a perusal of the instructions that the question whether there were negotiations leading to an agreement to sell during the term of the contract was fairly and adequately presented to the jury and the law pertaining thereto sufficiently defined.

We must conclude that the jury determined this issue in favor of plaintiffs, because of the general verdict returned. The absence of interrogatories or other means to determine upon what fact and law the jury founded its verdict compels the application of the two-issue rule.

Inasmuch as the charge on the second cause of action is free from prejudicial error and the issue in such second cause supports the verdict, we must disregard any assignments of error relative to the first cause of action.

There is no merit to the claim of dual agency set forth in defendants-appellants' fifth assignment of error.

Therefore, the judgment of the Court of Common Pleas with respect to the real estate commission itself must be affirmed.

Still remaining is the question raised by the cross-assignment of error.

Since we have determined that the defendants breached the contract and became liable to plaintiffs for the commission specified therein, it follows that due date for the payment of such sum was the day the sale to Coffman was completed, that is, September 3, 1963. By the provision of Section 1343.03 of the Revised Code, interest must be allowed at the rate of six per cent per annum, and the judgment of the court should have included the appropriate amount as a legal incident to plaintiffs' claim, there being no necessity for the submission of such question to the jury.

The matter is remanded to the Court of Common Pleas of Clinton County for correction of the judgment hereinbefore affirmed in accordance with this opinion.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.