PATRICK, APPELLANT, *v.* WARD ET AL., APPELLEES.

[Cite as Patrick v. Ward, 18 Ohio App. 2d 270.]

(No. 722—Decided June 11, 1969.)

*Messrs. Spangenberg, Hasenflue, Shibley & Traci* and *Mr. Thomas A. Heffernan,* for appellant.

*Messrs. Downing & Downing,* for appellees.

GUERNSEY, J. This is an appeal on questions of law by the plaintiff from a judgment of the Common Pleas

Court of Hancock County in a negligence action, the judgment having been entered pursuant to a general verdict of the jury in favor of the defendants.

It is undisputed in evidence that on January 13, 1964, at approximately 1 p. m., because of the existence of a sizeable snow drift ahead and to the right of him upon the highway, the plaintiff, who was driving in a westerly direction, had stopped his tractor and semi-trailer on U. S. Route No. 224 in Hancock County partly in the westbound lane and partly in the eastbound lane of the improved portion of the road; that another similar truck came to a stop from 50 to 100 feet behind plaintiff's vehicle but in a more northerly position on the improved portion of the road; that the plaintiff then alighted from the left side of his tractor, took four or five steps in a southeasterly direction whereupon he was struck down and injured by the tractor of another "semi" then being operated by the defendant Harold Wallace Ward for defendant Warwick Laboratories Company, Inc., which vehicle was at the moment in a slide heading westerly on the south side of the highway; that due to blowing snow the visibility conditions at the time and place were poor; that the defendant Ward had been operating his truck westerly in the north lane of the highway at a speed of from 25 to 30 miles per hour and first saw the truck stopped behind plaintiff's truck when he was from 8 to 10 feet behind same and glimpsed a marker light; and that defendant Ward then cut sharply to his left to avoid hitting same, tapped his brakes, and went into a slide. The evidence is ambiguous as to whether defendants' truck first slid across the south side of the highway into the guard rail and thence northerly striking plaintiff's tractor-trailer before striking plaintiff or whether it first collided with plaintiff's tractor-trailer, then the guard rail and then plaintiff. In their answer to plaintiff's second amended petition defendants alleged "that at the time of said accident and prior thereto, said highway was covered with snow eighteen inches (18") deep; that a blinding snow storm was in progress; that visibility was zero." Defendant Ward testified that he could see "8 or

10 feet, if that," and that "at the time of the impact, I would say there was no visibility," and that he was driving, "I would say around twenty-five, thirty miles an hour."

The cause was submitted to the jury on the issue of defendants' negligence (failure to keep a proper lookout and excessive speed for the road conditions) and on the issue of plaintiff's contributory negligence. The court instructed the jury, among other things, as follows:

"Plaintiff further alleges that said defendant was operating his truck at a speed too great to allow him to stop within an assured clear distance ahead. The evidence is not sufficient for this allegation, and, therefore, you will disregard it. Plaintiff further alleges, however, that defendant failed to keep a proper lookout in front of him and that the speed with which he was operating his truck was excessive for the road conditions at the said time and place.

" * * * .

"Revised Code Section 4511.21 provides in part: 'No person shall operate a motor vehicle in and upon the highways at a greater speed or less than is reasonable or proper, having due regard to the traffic surface and width of the street or highway and other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring his vehicle to a stop within the assured clear distance ahead.'

"It is prima facie lawful for the operator of a motor vehicle to operate at a speed not exceeding the following: * * * ."

The bill of exceptions reveals further that in response to a motion of the defendants made before argument the trial court reduced its general charge to writing, submitted same to counsel for plaintiff before argument, made same available to counsel after argument, but at no time supplied counsel with a copy of same which would be available to counsel to follow while the jury was being generally charged.

Upon this state of the record the plaintiff, appellant herein, assigns as prejudicial error (1) the action of the court in failing "to reduce its charge to writing when requested to do so by the plaintiff in accordance with Ohio Revised Code Section 2315.01 (G)," and (2) the action of the court in instructing "the jury that the evidence was insufficient for the application of the assured clear distance statute."

Section 2315.01 (G), Revised Code, in its form applicable to the proceedings herein, provided, among other things not here pertinent, that "Any charge shall be reduced to writing by the court if either party, before the argument to the jury is commenced, requests it." The record shows that the court complied with this command, there being no requirement that copies be made and furnished to counsel. The requirement that "Such charge may be examined by the parties before any closing argument is made by any of the parties," became a part of the subject statute, effective April 29, 1968, while this action was pending. Although this requirement was also complied with, it relates to the remedy, and had no application to this proceeding. Section 1.20, Revised Code. The first assignment of error is without merit.

Disposing of the first assignment of error in such manner, we are then confronted with a situation where a general verdict was rendered for the defendants, no error is claimed as to the submission of the issue of contributory negligence, but plaintiff claims error as to the submission of the issue of negligence. The general verdict is consistent with a determination by the jury either that the defendants were not negligent or that the plaintiff was contributorily negligent, but it does not appear in the record upon which determination the jury based its verdict. As it is necessary, in order to justify the reversal of a judgment, that the record show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it (*Ohio Life Ins. and Trust Co.* v. *Goodin*, 10 Ohio St. 557), it would seem that this would be a proper case for the application of the two-issue rule.

See *Smith* v. *Flesher,* 12 Ohio St. 2d 107, and particularly Chief Justice Taft's footnote on page 111. However, the Supreme Court decided in the case of *Bush* v. *Harvey Transfer Co.,* 146 Ohio St. 657, that in order for the two-issue rule to be applied the primary issue of negligence must be submitted without error. Until the Supreme Court decides otherwise we are bound by that decision even though the nonapplication of the two-issue rule might seem illogical.

We cannot fathom why the trial court did not, on the circumstances of this case, give an instruction as to the defendants' violation of the assured-clear-distance-ahead statute. No collision with the overtaken vehicle was necessary for its application to the issue of negligence by reason of excessive speed. Compare *Diener* v. *White Consolidated Industries,* 15 Ohio App. 2d 172. On the defendants' allegation in their answer that visibility was zero, on the defendant driver's testimony that he was traveling 25 to 30 miles per hour under conditions of "no visibility" and did not see the truck, a discernible object, stopped to the rear of plaintiff's truck until he was 8 to 10 feet behind same, the trial court could have determined that defendants were guilty of a violation of the assured-clear-distance-ahead statute as a matter of law and have taken from the jury the issue of whether defendants were guilty of negligence per se in such regard. *Woods* v. *Brown's Bakery,* 171 Ohio St. 383. Plaintiff did not lay a foundation requiring the trial court to take the question from the jury but, in the alternative, was entitled to have the issue go to the jury under proper instructions. The error of the court in not submitting the issue to the jury would have been an error of omission, since plaintiff's counsel did not take specific exception to the court's failure to so charge and request a charge on assured clear distance ahead, except for the fact that the court made a positive charge that the evidence was not sufficient for the allegation that defendant driver was operating at a speed too great to allow him to stop within the assured clear distance ahead and that such allegation should be disregarded. By this positive charge it became an error of com-

mission, which was not cured, but was compounded by the court's subsequently charging that part of the language of the speed statute, Section 4511.21, Revised Code, pertaining to assured clear distance ahead.

Was such error of commission prejudicial to the plaintiff? It was because it deprived the plaintiff of a specification of defendants' negligence. Such prejudice would have been canceled if it could be determined from the record as a matter of law that plaintiff was guilty of contributory negligence and thus barred from a verdict in his favor. The undisputed evidence would support a conclusion that plaintiff had stopped his vehicle in a position where it extended to the left of the center line of the roadway and might have been guilty of negligence per se in so doing. See, for example, Section 4511.25, Revised Code. However, on the circumstances of this case, where plaintiff was not in his vehicle, but had alighted therefrom and was afoot at the time of his injury, the issue of whether a failure to drive his vehicle on the right half of the roadway was a proximate cause of his injury was a question for the jury and could not be determined as a matter of law. The issue whether plaintiff's conduct otherwise constituted a violation of due care proximately causing his injury was likewise for the jury. There is no evidence in the record upon which it may be determined as a matter of law that plaintiff was guilty of contributory negligence so as to eliminate the prejudice resulting to him from the court's instructing the jury that the evidence would not support the allegation of the defendants' violation of the assured-clear-distance-ahead statute.

We conclude that, the issue of defendants' negligence having been submitted to the jury in a manner which constituted error prejudicial to the plaintiff, the second assignment of error is well taken, the judgment in favor of the defendants must be reversed and the cause remanded to the Common Pleas Court for new trial and further proceedings as provided by law.

*Judgment reversed.*

COLE, P. J., and YOUNGER, J., concur.