## DEATH AT A STREET AND RAILWAY CROSSING.

Court of Appeals for Hamilton County.

JOHN T. GRUNKEMEYER, ADMINISTRATOR, v. THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

Decided, March 21, 1914.

*Negligence—Decedent Found Dead at Railway Crossing—No Witness of the Accident—Presumption as to Looking and Listening—Probable Manner of Death.*

The fact that no one saw the decedent struck by a locomotive at the street crossing, or observed the manner of her death, does not afford ground for taking the case against the railway company from the jury, where the circumstances make probable the fact that she was struck by the locomotive which passed at about the time she would have reached the crossing, and the presumption of law is that she stopped, looked and listened before attempting to cross the track.

*Littleford, James, Ballard & Frost,* for plaintiff in error.
*Maxwell & Ramsey,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This action was brought to recover damages for the alleged negligent killing of plaintiff's intestate, Frances Grunkemeyer. At the close of the testimony of plaintiff below the court directed a verdict for the defendant because "the court is of the opinion that no person knows how this unfortunate accident occurred; that there will be nothing left for the jury to do but to guess how this unfortunate girl was killed, and the court can not permit the jury to do that, and therefore directs you to return a verdict for the defendant."

The testimony in the case tended to show that the decedent with her uncle, John Scherrer, at 8:10 p. m., left her home on Gladstone avenue five doors west of Harrell street where it crosses the double tracks of defendant company's steam railway, which are upon Gladstone avenue, the north track being for west bound traffic and the south track for the east bound traffic; that defendant's engine No. 8964 backed, tender forward, across Harrell street at about 8:11 p. m., going on the south track; that at or about the same time a freight train crossed Harrell street on the west bound track, and that other trains crossed Harrell street on the west bound track at 8:12, 8:17, 8:25 and 8:46 respectively; that a Norfolk & Western train crossed on the east bound track at 8:54 p. m.

Plaintiff claims that his intestate was killed by defendant's engine No. 8964. Her body was found along the south side of the east bound track, several feet east of Harrell street. It was first seen by a boy, about 8:30 p. m.; and the remains of Scherrer were found badly mutilated on the track eastward from Harrell street at a distance of about 150 feet. This body was not found, nor was the girl's body identified as such until after 9 o'clock. The man's body was badly mangled, as though it had been passed over by a train of cars, and the girl's body showed a wound on the head. The evidence is sufficient to reasonably sustain an inference that both were killed by engine No. 8964. They would naturally have passed along the north side of Gladstone street to Harrell street and south on Harrell street across the railroad tracks on their way to Eastern avenue, as the ordinary means of leaving the Grunke-

meyer home, and they would have reached the crossing at just about the time this engine passed.

The position of the bodies shows a strong probability that they were struck on the south track rather than the north track, and they must have been struck by engine No. 8964 because it was the only train on the south track between the time they left their home and the time the girl's body was first seen, which was before the Norfolk & Western train had passed along the south track.

An additional circumstance that is convincing upon this subject is that a fragment of flesh was found by the men at the roundhouse on engine No. 8964, on the brace on the inside of the cow-catcher where it would naturally have lodged, when we consider that the engine was going backward.

Counsel for defendant have argued that the deceased may have been struck by one of the trains on the west bound track rather than by the train on the south track, and that they might possibly have been struck by the west bound freight and hurled against the east bound locomotive on the other track. The position and condition of the bodies will show that this theory is improbable. If they had been struck by a west bound train the bodies would naturally have been carried west of the crossing instead of as they were, east of the crossing, and the girl's body would have been either between or upon the tracks and more mutilated.

We recognize the rule urged by the defendant, that where one or two or more things may have induced an accident, for one of which the defendant is responsible and for the other of which he is not, it is not permissible to speculate between the several causes and to find that defendant's negligence was the real cause, in the absence of satisfactory foundation in the evidence for that conclusion (*Patton* v. *Tex. & Pac. Ry. Co.,* 179 U. S., 658; *Smith* v. *Ry. Co.,* 200 Fed. Rep., g53; *Ry. Co.* v. *Marsh,* 63 O. S., 236). But the evidence as already discussed convinces the court that this case is not within that rule.

There is evidence tending to show that the railroad company was negligent in the operation of this engine. It was running backwards without a lookout and with no headlight in front,

and nothing but an ordinary white lamp hanging on the tender. There is testimony from witnesses in the neighborhood that they heard no bell or signal when it crossed Harrell street. The evidence reasonably tended to show that it was running at a speed greater than the ordinance limit of ten miles per hour, showing that it ran a distance of two and a half miles, which included the crossing in question, at an average speed of from twenty-two to thirty miles per hour—although there was no testimony to show that it did not slow up at this crossing.

Contributory negligence was pleaded by the defendant in its answer, but there is no testimony to show it as a matter of law.

"In the absence of evidence to the contrary there is a presumption that one who was killed while crossing a railroad track at night, stopped, looked and listened before attempting to cross the track." *R. R. Co.* v. *Landrigan,* 191 U. S., 461.

"In an action for negligent death, decedent is presumed to have used reasonable care for his own safety, in the absence of evidence to the contrary." *Rothe* v. *Penn. Co.,* 195 Fed. Rep., 21.

The fact that the frieght train on the north track went west at practically the same time that this engine went east on the south track undoubtedly confused plaintiff's intestate and her companion in such a way as to account for the accident.

The rule to be observed by the trial court, upon a motion for a directed verdict, has been so well stated by Ranney, J., in the opinion of the court at pages 646 and 647 in the case of *Ellis & Morton* v. *Ohio Life Ins. Co.,* 4 O. S., 628, that we quote the following words of the opinion:

"When all the evidence offered by the plaintiff has been given, and a motion for a non-suit is interposed, a question of law is presented, whether the evidence before the jury tends to prove all the facts involved in the right of action and put in issue by the pleadings. In deciding this question, no finding of facts by the court is required, and no weighing of the evidence is permitted. All that the evidence in any degree tends to prove, must be received as fully proved; every fact that the evi-

dence and reasonable inferences from it, conduces to establish, must be taken as fully established.

"The motion involves not only an admission of °the truth of the evidence, but the existence of all the facts which the evidence conduces to prove. It thus concedes to the plaintiff everything that the jury could possibly find in his favor, and leaves nothing but the question whether, as a matter of law, each fact indispensable to the right of action has been supported by some evidence? If it has, no matter how slight it may have been, the motion must be denied; because it is the right of the party to have the weight and sufficiency of his evidence passed upon by the jury—a right of which he can not be deprived, and involving an exercise of power for which without his consent, the court is incompetent. But where he has given no evidence to establish a fact, without which the law does not permit a recovery, he has nothing to submit to the jury; and the determination of the court, that the fact constitutes an essential element in the right of action, necessarily ends the case."

This rule has been repeatedly stated by the Supreme Court, in many cases, among which we cite: *Stockstill* v. *D. & M. R. R. Co.*, 24 O. S., 83; *Snell* v. *Ry.*, 54 O. S., 197; *Dick* v. *R. R. Co.*, 38 O. S., 389; *Gibbs* v. *Village of Girard*, 88 O. S., 34.

The case, therefore, should have been submitted to the jury on the evidence, under proper instructions by the court, and the court erred in granting defendant's motion for an instructed verdict.

Judgment reversed, and cause remanded for a new trial.