Judith O'CONNOR, Plaintiff–Appellant,

v.

**PAN AM CORPORATION,**
Debtor–Appellee.

No. 00–5028.

United States Court of Appeals,
Second Circuit.

March 12, 2001.

Judith O'Connor, New York, NY, pro se.

Susan Power Johnston, Robinson Silverman Pearce Aronsohn & Berman LLP; Walter H.Curchack, Zachary B. Kass, Eric C. Ragot, of counsel, New York, NY, for debtor-appellee.

Present WINTER, STRAUB, and POOLER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant Judith O'Connor appeals from an order of the United States District Court for the Southern District of New York (Richard C. Casey, *Judge*) affirming the denial by the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear,

*Bankruptcy Judge*) of her motion for reconsideration of the Bankruptcy Court's earlier order approving the settlement agreement between Ms. O'Connor and Pan Am Corporation in a Chapter 11 bankruptcy proceeding. *In re Pan Am Corp.*, No. 98Civ7838RCCRLE, 2000 WL 254010 (S.D.N.Y. Mar. 7, 2000). Ms. O'Connor contends, *inter alia*, that her claims were erroneously categorized as "pre-petition" claims and that the District Court abused its discretion in affirming the decision of the Bankruptcy Court. For the reasons stated below, we affirm the judgment of the District Court.

## Background

In August 1986, Ms. O'Connor, an employee of Pan Am, was terminated. In August 1988, after receipt of an E.E.O.C. right to sue notice, Ms. O'Connor commenced a Title VII action alleging that her termination resulted from age and sex discrimination. Slightly less than three years after Ms. O'Connor filed her lawsuit, but before any dispositive action in the suit, Pan Am petitioned for Chapter 11 relief. In August 1991, Ms. O'Connor filed two identical claims, numbered 2123 and 2124 respectively, in the Bankruptcy Court. In her submissions to the Bankruptcy Court, Ms. O'Connor classified these claims as "priority claims" in the amount of $1,416,761.00. In November 1991, Ms. O'Connor attempted to reclassify her claims as "pre-petition administrative claims" by filing two additional proofs of claim that expressly sought to amend the August 1991 submissions. These two amended claims were in the amount of $1,521,153.00 each, and were numbered 12241 and 12243 respectively.

In April 1995, Pan Am filed an omnibus motion in the Bankruptcy Court seeking to: (1) disallow Ms. O'Connor's duplicate claims; and (2) reclassify the improperly classified "administrative claims" as "pre-petition claims." In November and December of 1995, the Bankruptcy Court held two hearings during which Pan Am, as an offer of settlement, offered to construe Ms. O'Connor's first claim as an administrative expense for $25,000 and pay that claim pursuant to a distribution ratio at approximately 22 percent in total satisfaction of her claims.

The parties agreed to settle their dispute by reclassifying claim no. 12241 as an "administrative claim" of $25,000, and claim no. 12243 as an unsecured pre-petition claim of $1,000,000. Both Pan Am and the Bankruptcy Court informed Ms. O'Connor that: (1) distribution on the "administrative claim" would be much less than 100 percent; and (2) the pre-petition claim for $1,000,000 would not receive any distribution. At no point during either hearing, did Ms. O'Connor mention that she was ill or that she was unable to comprehend the proceedings. The terms of the settlement were memorialized in the bankruptcy court's December 1995 settlement approval order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

In February 1996, the Bankruptcy Court entered an order authorizing the distribution of the net funds from Pan Am's remaining liquidated assets to holders of "administrative claims" at the ratio of 22 cents to the dollar. Ms. O'Connor received $5765.00 on her $25,000.00 claim. Ms O'Connor then received an additional $90 after the final distribution on her administrative claim.

In June 1998, Ms. O'Connor filed a motion in the Bankruptcy Court for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and for "payment of administrative priority claim." Ms. O'Connor argued that: (1) she had a prima facie administrative priority claim

that had not been paid; (2) post-petition torts result in "administrative claims;" (3) Pan Am prevented her from properly recovering her "administrative claims;" (4) Pan Am misused the liquidation funds; (5) Pan Am engaged in "post-petition misrepresentation and negligence;" (6) Pan Am denied her due process of law by failing to give her adequate notice to prepare her defense; (7) she had a right to a jury trial as a result of Pan Am's post-petition torts; (8) she suffered irreparable harm at the hands of Pan Am; and (9) she was incompetent to proceed at the December 1995 hearing because she: (a) had the flu which required her to take medication; (b) suffered from Chronic Fatigue Syndrome; (c) was not represented by counsel; and (d) lacked access to sufficient case-law because the "moldy case reporters" available to her exacerbated her flu. The only evidence of post-petition torts offered by Ms. O'Connor was that Pan Am allegedly continued to discriminate against other employees after her termination.

On July 9, 1998, the Bankruptcy Court denied the motion without awaiting Pan Am's response. The Bankruptcy Court noted that "granting the relief requested in the Motion would not be in the best interest of justice and the best interest of the Liquidating Estate." Ms. O'Connor timely appealed the July 9, 1998 Bankruptcy Court order to the District Court, raising the same arguments that she made in her reconsideration motion to the Bankruptcy Court. Ms. O'Connor also sought a temporary restraining order ("TRO") to enjoin Pan Am from making its distribution payments.

The District Court affirmed the Bankruptcy Court order denying Ms. O'Connor's motion for reconsideration, and denied Ms. O'Connor's motion for injunctive relief. *See In re Pan Am Corp.*, No. 98Civ7838RCCRLE, 2000 WL 254010 (S.D.N.Y. Mar. 7, 2000).

On appeal, Ms. O'Connor reiterates her arguments detailed above. Ms. O'Connor is also seeking a TRO from this Court to stay the transfer of Pan Am's remaining liquidation funds to the Pan Am Retirees Interim Supplemental Medical Plan.

## Discussion

 In reviewing an appeal from the bankruptcy court to the district court, we conduct the same review over the district court's decision as the district court exercised over the bankruptcy court's decision. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir.1990). In this case, the District Court affirmed the Bankruptcy Court's denial of Ms. O'Connor's motion to reconsider its previous order approving a settlement agreement between Ms. O'Connor and Pan Am. The standard of review of a denial of a motion for reconsideration is abuse of discretion. *See Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999).

 The District Court found, and we agree, that the Bankruptcy Court correctly denied Ms. O'Connor's motion regarding her original claim against Pan Am (claim no. 2123). Ms. O'Connor's claim no. 12243 expressly amended the claim filed on August 21, 1991 (claim no. 2123). This claim was then resolved by the reclassification of claim no. 12243 as a $1,000,000 unsecured pre-petition claim in the 1995 settlement. The record reveals that Ms. O'Connor was well aware that the 1995 settlement disposed of all her claims against Pan Am; she was advised by the Bankruptcy Court that she had to waive all claims, both current and future, against Pan Am in order to receive the benefit of her administrative claim. The record also suggests that Ms. O'Connor was competent to make such a decision. For example, during the hearings before the Bankruptcy Court, Ms. O'Connor "argued case law, argued for

a higher settlement offer, and ultimately asked to construe the settlement, using an unsecured pre-petition claim, so as to make her 'a millionaire on paper.'" *In re Pan Am*, 2000 WL 254010, at *2 n. 6. Further, the Bankruptcy Court approved the settlement at issue after two hearings in which it heard and considered all objections thereto and painstakingly explained to Ms. O'Connor the legal and financial ramifications of the settlement.[1]

The District Court correctly affirmed the Bankruptcy Court's decision as to Ms. O'Connor's motion to reconsider the reclassification of claim no. 12243 during the settlement. The substantive basis for this claim is Ms. O'Connor's allegation of wrongful termination based on age and sex discrimination (which occurred before Pan Am filed bankruptcy). On appeal and below, Ms. O'Connor has not offered a proper justification for reconsidering the reclassification. On a motion for reconsideration, the movant must demonstrate that the court has overlooked controlling decisions or data, which, had they been considered, reasonably might have altered the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Although Ms. O'Connor argues that this claim must be considered as an administrative claim, rather than as a pre-petition claim, because her injury is continuous and on-going, she admitted before the Bankruptcy Court that she was not personally being discriminated against post-petition because she was no longer present at the company. Further, the "continuing" injuries she asserts—the failure to reinstate her and her permanent disability resulting from the "continuous tortious injury"—are, at best, the consequence of any alleged injury that arose before her employment ended and before

Pan Am filed for bankruptcy. Thus, both courts below did not err in finding this claim to be an unsecured pre-petition claim that cannot be satisfied until after all administrative expenses are satisfied.

Because Ms. O'Connor's claims have no merit, she is not entitled to injunctive relief.

### Conclusion

We therefore hold that the District Court properly affirmed the order of the Bankruptcy Court denying Ms. O'Connor's motion for reconsideration of its prior order. Additionally, Ms. O'Connor has not demonstrated entitlement to the injunctive relief she seeks from this Court. The judgment of the District Court is hereby AFFIRMED and Ms. O'Connor's motion for a temporary restraining order is DENIED.

---

1. Notably, Ms. O'Connor specifies that she does not wish to be relieved of the settlement agreement of December 1995.