NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2670
_____

UNITED STATES OF AMERICA

v.

CARLOS R. CRUZ,
                         Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA
(D.C. Action No. 3-14-cr-00218-001)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 13, 2017
_____

Before: GREENAWAY, JR. and SHWARTZ, *Circuit Judges*, and
SIMANDLE,* *Senior District Judge*

(Opinion Filed: July 17, 2017)

_____

OPINION**
_____

---

* The Honorable Jerome B. Simandle, Senior Judge of the United States District Court for the District of New Jersey, sitting by designation. Judge Simandle assumed senior status on June 1, 2017.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Carlos Cruz argues on appeal that this Court should reverse his sentence and remand the case for resentencing. Cruz predicates his argument on the District Court's failure to adequately consider the relevant factors under 18 U.S.C. § 3553(a)(1) and (6) in determining whether to grant him a variance from his United States Sentencing Guidelines range. This was an issue that he did not raise below and is therefore not properly before us. We will affirm.

## I.    Facts

On August 26, 2014, Cruz and three of his children were indicted on conspiracy to distribute heroin and related charges. On November 24, 2015, Cruz pled guilty to Count 1 of the indictment. At sentencing, the District Court imposed a 96-month sentence. Prior to doing so, the Court explained how the Sentencing Guidelines worked and how Cruz's sentence was calculated. The Court stated that based on Cruz's criminal history category and offense level, the Sentencing Guidelines recommended a sentence of between 87 and 108 months. The Court also said it could rely on 18 U.S.C. § 3553 to help it determine what it should consider when imposing a sentence. The Court specifically mentioned that it should consider Cruz's history, characteristics, and any special characteristics that were provided by the presentence investigation report, by counsel, or by Cruz himself. The Court acknowledged that Cruz's counsel asked the Court to consider Cruz's characteristics in sentencing. Cruz's counsel had also asked the District Court to "consider imposing [a sentence at] the low end of the [Guidelines] range, the 87 months." App. 89. The District Court noted that it reviewed all of the

2

relevant sentencing factors and Cruz's entire file. However, the Court asserted that it did not find any characteristics or other reason under § 3553 that entitled Cruz to a variance from the recommended Sentencing Guidelines range. The Court explained that the 96-month sentence reflected a break for Cruz since it thought that he deserved a sentence at the higher-end of the Sentencing Guidelines range. Cruz did not request a variance and made no objection to the District Court's sentence after it was imposed. This timely appeal followed.

## II.    Analysis[1]

On appeal, Cruz argues that the District Court committed procedural error by failing to properly consider the § 3553(a) factors when it imposed his sentence. "The district court need not . . . make explicit findings as to each sentencing factor if the record makes clear that the court took all the factors into account." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). However, "[a] rote statement that the court has considered each of the § 3553(a) factors is not a sufficient response to a specific colorable argument." *Id.*

First, Cruz argues that the District Court failed to specify on the record the considerations which came into play in denying a variance pursuant to § 3553(a)(1). He contends that, as evidence of his character, the Court should have considered his eight years of sobriety and his employment at the Chandler Hotel where he risked his safety to help an elderly woman who had suffered a fall. Next, Cruz contends that the Court failed

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

to explain on the record why it denied a variance from the Guidelines range pursuant to § 3553(a)(6). Cruz argues that there is a great disparity between his sentence and those of his co-defendants who engaged in similar conduct.

Contrary to Cruz's claims, the District Court did explain the considerations behind its imposition of Cruz's 96-month sentence. The District Court noted that it had seen the letter from Cruz's supervisor regarding the rescue. And after Cruz's arguments for the imposition of the lowest sentence within the Guidelines range, the Court acknowledged that it had reviewed his file and wanted to address two issues. First, the Court discussed Cruz's addiction and his attempt at drug rehabilitation—noting that had he left the drug rehabilitation facility before finishing the program. The Court explained that Cruz's addiction did not absolve him of responsibility and mentioned that his actions led many individuals down the path of drug addiction and death.

Next, the Court highlighted the distinct role that Cruz played in the illicit enterprise. Cruz was the leader of the criminal activity, and his co-defendants were his children. The Court stated that in "very, very few situations" had it seen a drug dealer involve his family in his illegal enterprise "so very, very much." App. 95. The Court further explained that Cruz had taught his family to disrespect the law. After its response to Cruz's arguments for a sentence at the lowest end of the Guidelines range, the Court stated that it did not find any characteristic or other factors under § 3553 that called for reducing Cruz's sentence. As such, the Court articulated the relevant considerations for reducing Cruz's sentence.

No matter how Cruz frames the issue, none of his appellate arguments are preserved. Normally, we review the procedural reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Because Cruz did not object to the sentence nor the manner in which it was imposed, we would review his claim for plain error. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *see also United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). However, Cruz's failure to request a variance on the record forecloses our review.

Cruz's claim that the District Court did not properly consider the § 3553(a) factors in determining whether to grant a variance presents an issue that he did not place before the Court during sentencing and, thus, has been raised for the first time on appeal.[2] Cruz's Guidelines range was between 87 and 108 months. The record shows that at sentencing, Cruz did not seek a variance from the Guidelines range, but rather, only requested that he be sentenced at the lowest end of the range. In his Sentencing Memorandum, Cruz asked the Court "to impose a sentence in the lowest end of the standard range."[3] App. 66. And at his sentencing hearing, Cruz pressed the Court to impose a sentence at "the low end of the range, the 87 months." App. 89. He reiterated that "a sentence of 87 months meets the interest of justice from both sides of the aisle."

---

[2] "Variances . . . are discretionary changes to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors and do not require advance notice." *United States v. Brown*, 578 F.3d 221, 226 (3d Cir. 2009).

[3] In his Sentencing Memorandum, Cruz contended that his criminal history score substantially overrepresented the seriousness of his criminal history or his likelihood of re-offending and asked for a downward departure. Cruz does not raise the Court's rejection of this argument on appeal.

App. 89. While imposing Cruz's sentence, the District Court stated it had examined the § 3553(a) factors and "[found] no reason under [§] 3553, or anywhere else in the law . . . , that [it] should vary from the sentence that is recommended." App. 97. Cruz did not request a variance or even object to this ruling. Therefore, he did not preserve the variance issue for appeal.

On appeal, Cruz would have us reverse his sentence and remand his case so that the District Court can consider giving him a lower sentence than what he requested. Because Cruz presents this issue for the first time on appeal, it is not properly before us.[4] *See Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).

## III. Conclusion

For the foregoing reasons, we will affirm the District Court.

---

[4] Because we decide that Cruz's argument is not properly before us, the Government's motion for summary action is denied as moot.